ORDERED.

Dated:  October 17, 2017

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

GEORGE W. SCHWAN,                                   Case No. 3:17-bk-0912-JAF
                                                    Chapter 7
    Debtor.
_____/

LINDA DIAMOND, as personal representative
of the ESTATE OF BENJAMIN DIAMOND
and as successor trustee of the BENJAMIN
DIAMOND REVOCABLE TRUST and as
President of DIAMOND NEON SUPPLY
COMPANY, a Florida corporation,

    Plaintiff,                                   Adv. No. 3:17-ap-0115-JAF
v.

GEORGE W. SCHWAN,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT AND DENYING MOTION TO STRIKE CERTAIN ALLEGATIONS IN THE AMENDED COMPLAINT</u>**

This proceeding is before the Court on two motions brought by Defendant GEORGE W. SCHWAN (the "Debtor"): [Debtor]'s Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint (Doc. 12) and Debtor's Motion to Strike Certain Allegations in the Amended Complaint (Doc. 11). Plaintiff LINDA DIAMOND, as personal representative of the Estate of Benjamin Diamond and as successor trustee of the Benjamin Diamond Revocable Trust and as President of Diamond Neon Supply Company, a Florida corporation, has filed separate responses to each motion, styled as: Response in Opposition to Defendant's Motion to Dismiss Counts II and III of the Amended Complaint (Doc. 14) and Response in Opposition to Debtor's Motion to Strike Certain Allegations in the Amended Complaint (Doc. 13).

In March 2017, Debtor filed a petition under Chapter 7. In the main case, Plaintiff filed a proof of claim and an amended proof of claim. (Claims 1-1 & 1-2). Plaintiff asserts that $342,482.57 is owed as a result of a state-court judgment for breach of oral contract (the "Judgment Debt"). (Claim 1-2 at 4). In June 2017, Plaintiff initiated the present adversary proceeding and later filed an amended complaint on August 1, 2017 (the "Complaint"). (Docs. 1 & 8). The Complaint contains three counts, each seeking to except the Judgment Debt from discharge pursuant to §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), respectively. (Doc. 8).

The Court concludes the Complaint contains sufficient allegations to state a minimally sufficient and facially plausible claim for relief, when assuming all allegations to be true and drawing all inferences therefrom in favor of Plaintiff. See McCone v. Pitney Bowes, Inc., 582 F. App'x 798, 799-800 (11th Cir. 2014) (stating the standard for a motion to dismiss); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, Debtor's Motion to Dismiss will be denied.

The Court further denies the Motion to Strike Immaterial and Impertinent Allegations. The Court cannot conclude that the challenged allegations are completely impertinent and immaterial to the ultimate claims in this proceeding, notwithstanding the argumentative language used by counsel in the complaint. Debtor also raises some concerns about these allegations allowing Plaintiff too broad of a reach during discovery. However, Debtor is free to raise discovery disputes as necessary and as permitted by the applicable rules.

Accordingly, it hereby ORDERED that Debtor's Motion to Dismiss and Motion to Strike are DENIED. Debtor shall answer Plaintiff's Amended Complaint within fourteen (14) days of the date of this Order.